UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS BUFORD,

Plaintiff,

v. Case No. 25-cv-896-pp

RANDALL HEPP, *et al.*,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 23)**

---

Plaintiff Dennis Buford, who is incarcerated at Wisconsin Secure Program Facility and is representing himself, filed this lawsuit alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on the claims that the defendants had failed to protect him from an attack by his cellmate and had denied him adequate medical care after the attack in violation of the Eighth Amendment and Wisconsin state law. Dkt. No. 8 at 13-14. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 23.

In his motion to appoint counsel, the plaintiff states that he cannot afford counsel, that the issues involved in the case are complex and that he has limited legal knowledge. Id. at 1. He asserts that he has been diagnosed with posttraumatic stress disorder, and that seeing photos and reading documents of the incident will trigger his PTSD. Id. According to the plaintiff, the issues in the case affect his mental health, because he is an "MH-1 (mental

health) inmate." Id. He also states that he has sixteen videos preserved that he needs to review. Id. The plaintiff says that he wrote letters to multiple lawyers asking for help but has been unable to find a lawyer. Dkt. No. 24 at 2-3. He asserts that he has been denied access to relevant discovery such as documents and video footage. Id. at 3.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869,

871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the requirement that he make a reasonable attempt to find a lawyer on his own, but he has not satisfied the second requirement. The plaintiff filed a thirty-two-page complaint that describes in detail the events surrounding his claims. Dkt. No. 1. Although his claims involve three sets of defendants, they are limited to the plaintiff's allegations that some defendants failed to protect him from an attack by his cellmate prior to the actual attack, some defendants failed to protect him during the attack and some defendants failed to provide him with adequate medical care after the attack. Dkt. No. 8 at 13-14. As the complaint makes clear, the plaintiff has first-hand knowledge of these events, and he can submit a declaration at summary judgment regarding his version of the incident. The plaintiff's complaint and the instant motion demonstrate that the plaintiff can participate in discovery with the defendants and respond to a motion for summary judgment. If the plaintiff believes that the defendants did not properly respond to his discovery requests or that they prevented him from having access to discovery materials, he may file a motion to compel discovery under Federal Rule of Civil Procedure 37(a). Any motion to compel discovery must include a certification that the plaintiff conferred with counsel for the defendants to try to resolve the issue without court action. If the plaintiff needs more time to complete discovery, he may file a motion for extension of time before the discovery deadline passes. The court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**